Filed 11/16/20  P. v. Guzman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091239 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE014676) |
| v. | |
| MAURO MARTIN GUZMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Mauro Martin Guzman filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

In a domestic violence incident, defendant had an argument with his girlfriend, the victim, while they were in a car. The victim was afraid of defendant and tried to get out of the car, but defendant held her in the car multiple times against her will. Further, in order to dissuade her from reporting the crime defendant told the victim that if she did, he would kill her 11-year-old brother. The victim was dissuaded from reporting and prosecuting the crime. Defendant was charged with inflicting corporal injury resulting in a traumatic condition upon a person with whom he currently or previously had a dating relationship (Pen. Code, § 273.5, subd. (a) [count one])[1] and witness intimidation accompanied by force and threat of force and violence (§ 136.1, subd. (c)(1) [count two]). It was further alleged that defendant had one prior serious felony conviction within the meaning of sections 667, subdivisions (b)-(i) and 1170.12. Pursuant to a plea agreement with a negotiated disposition, defendant pleaded no contest to false imprisonment in violation of section 236 and to witness intimidation in violation of section 136.1, subdivision (b)(1). In exchange for defendant's no contest pleas, he was promised a grant of probation, 180 days in county jail, and dismissal of all other counts, allegations, and enhancements.

The trial court suspended imposition of sentence and placed defendant on formal probation for five years under various terms and conditions, with the requirement that he serve 180 days in county jail. The court ordered defendant to pay a conviction assessment of $60 (Gov. Code, § 70373), a court operations assessment of $80 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 probation revocation fine, which was stayed pending successful completion of probation

---

[1]     Undesignated statutory references are to the Penal Code.

(§ 1202.44).  The court awarded custody credits in the amount of 132 days (66 actual & 66 conduct), and restitution was reserved regarding the victim.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause based on ineffective assistance of counsel.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

 /s/
HOCH, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
MURRAY, J.